UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAPTHALI ROBB,
DARREL DAVID,
LOVELL LEWIS,

         Plaintiffs,

- against -

CITY OF NEW YORK,
POLICE OFFICER CHRISTIAN QUEZALA,
(TAX ID: 946137),
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,

         Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

BRODIE, J.
ORENSTEIN, M.J.

  Plaintiffs, by their attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE

  1. That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

  2. That at all times herein mentioned, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, were, and still are, residents of the County of Queens, City, and State of New York.

  3. That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK**, was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

  4. That prior hereto on May 25, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAPTHALI ROBB,
DARREL DAVID,
LOVELL LEWIS,

                              Plaintiffs,

- against -

CITY OF NEW YORK,
POLICE OFFICER CHRISTIAN QUEZALA,
(TAX ID: 946137),
POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,

                              Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

       Plaintiffs, by their attorneys, **NASS & ROPER LAW, LLP**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### IN NEGLIGENCE

       1.     That the damages sought herein exclusive of interest, costs, and disbursements, exceed $75,000, and that this action is being commenced within the time allowed by law for institution of the action.

       2.     That at all times herein mentioned, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, were, and still are, residents of the County of Queens, City, and State of New York.

       3.     That at all times relevant and material herein, the Defendant, **CITY OF NEW YORK,** was, and still is, a municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

       4.     That prior hereto on May 25, 2012, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries

and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was duly served on the claimants' behalf on the Comptroller for the City of New York and that thereafter said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5. That Defendant, **CITY OF NEW YORK**, had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim, and that Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, could not attend the hearing due to personal circumstances beyond their control.

6. That upon information and belief and at all times herein mentioned, defendant, **CITY OF NEW YORK,** owned and operated a police department within the City of New York, known as the New York City Police Department, which includes the "105th precinct," and whose police headquarters are located at 92-08 222nd Street, Queens Village, NY 11428.

7. That upon information and belief and at all times herein mentioned, an individual known as **POLICE OFFICER CHRISTIAN QUEZALA** was employed as a Police Officer by the New York City Police Department, with Tax ID Number "946137," and was assigned to and worked at the "105th Precinct," which had Police headquarters located at 92-08 222nd Street, Queens Village, NY 11428.

8. That, upon information and belief, at all times herein mentioned, **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** fictitious names whose identity is currently unknown, were employed as Police Officers, Detectives, or in some other capacity as an agents

2

and/or employees of the New York City Police Department, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

9. That, upon information and belief, at all times herein mentioned, the individuals: **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** as well as other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK,** that included the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, and when, if ever, violent physical force is warranted.

10. That on or about May 19, 2012, at approximately 8:00 p.m., while Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** were pedestrians lawfully present in the vicinity of Hempstead Avenue and 223rd Street in the County of Queens, City and State of New York, Plaintiffs were walking towards the home of **LOVELL LEWIS** when a vehicle containing Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** drove up to the curb in front of the house they were entering and called Plaintiffs over.

11. That on or about May 19, 2012, at the above-mentioned date and location, Defendants asked Plaintiffs what they "threw," and whether or not Plaintiffs "had drugs on them," and **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS** responded that they didn't throw anything or have any drugs on them.

12. That on or about May 19, 2012, at the above-mentioned date and location, Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER**

3

JOHN/JANE DOE(S) #'S 1-5, then got out of the vehicle and proceeded to search Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** but found nothing on their person or anything in the vicinity that could have been thrown by Plaintiffs.

13. That on or about May 19, 2012, at the above-mentioned date and location, Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** then began searching Plaintiffs a second time and while acting in the scope and furtherance of their employment, physically encountered, touched, and came into physical contact with Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** against their will and without their consent by forcefully handcuffing them.

14. That on or about May 19, 2012, at the above-mentioned date and location, Plaintiff, **NAPTHALI ROBB,** was grabbed by Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** and thrown against the garage door of the house they were standing in front of, at which time he began having a seizure.

15. That on or about May 19, 2012, at the above-mentioned date and location, while Plaintiff, **NAPTHALI ROBB,** was having a seizure, Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** continued to slam his head and body into the garage door worsening his condition and causing intense pain and apprehension of serious bodily harm.

16. That on or about May 19, 2012, at the above-mentioned date and location, while Plaintiff, **NAPTHALI ROBB,** was being subject to brutality, Plaintiff, **LOVELL LEWIS,** yelled out to Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** and told them that **NAPTHALI ROBB** was having

a seizure, at which time **LOVELL LEWIS** was thrown to the ground by Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** who then kneed his elbow causing serious physical injuries.

17. That on or about May 19, 2012, said Police officers, at the above-mentioned time and location, placed Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** in handcuffs while Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** continued to slam the head of **NAPTHALI ROBB** into the garage door even though he was already in handcuffs and suffering from a seizure.

18. That on or about May 19, 2012, at the above-mentioned time and location, pedestrians from around the area began yelling at Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** asking them to stop slamming Plaintiff's, **NAPTHALI ROBB's,** head into the garage door to which the officers told the pedestrians that they should "mind their own business."

19. That on or about May 19, 2012, said Police officers, at the above-mentioned time and location, caused a part(s) of their body(ies) to come into contact with Plaintiff's, **NAPTHALI ROBB's,** body; caused their hand(s) to come into contact with Plaintiff's, **NAPTHALI ROBB's,** face; caused foreign object(s) to come into contact with Plaintiff's, **NAPTHALI ROBB's,** face; caused Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** to the ground; caused their knee to come into contact with Plaintiff's, **LOVELL LEWIS's,** elbow and caused their hand(s) to come into contact with Plaintiff's, **DARREL DAVID's,** hand and continued to cause part(s) of their bodies to come into contact with plaintiffs' bodies

5

20. That the aforesaid acts and/or omissions of the New York City Police Department, and Defendant, **CITY OF NEW YORK,** resulted in the unlawful and unconsented touching of Plaintiffs', **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** bodies in a forceful, violent, and harmful manner by Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** constituting unconsented contact, excessive use of force, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiffs and the general public, and Plaintiffs' cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiffs, all of which was totally without Plaintiffs' consent, resulting in physical injuries as well as profound psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with periods of uncontrolled sobbing, depression, feelings of worthlessness, lessening of self-esteem, which will have lifelong effects upon Plaintiffs including but not limited to their ability to resume a normal and productive life, special damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth hereinbelow.

21. That the New York City Police Department, and Defendant, **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise

6

reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in using excessive force to make an arrest when no probable cause to arrest exists; in negligently conducting police duties; in failing to properly react to an individual who makes verbally disparaging remarks but otherwise presents no physical threat; in causing unnecessary physical contact with an individual who makes verbally disparaging remarks but otherwise presents no physical threat, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

22. That at all times mentioned herein, and based particularly on the May 19, 2012 events as more fully set forth hereinabove, the New York City Police Department and Defendant, **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals: **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** and/or other Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK** and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

23. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or

7

other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

24. That, upon information and belief, at all times mentioned herein and particularly prior to May 19, 2012, the New York City Police Department, and Defendant, **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future, and failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with lawfully present pedestrians, including Plaintiff, and other related inappropriate behavior.

25. That, upon information and belief, the New York City Police Department, and Defendant, **CITY OF NEW YORK** had actual, as well as constructive, notice and knowledge concerning the dangerous propensities and use of excessive force of its Police Officer(s), Detectives, and/or other agents and/or employees prior to May 19, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

26. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS,** have been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life, and that as a result of the foregoing, the Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS**, have sustained damages, which exceed the

8

jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

27. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

28. That on May 19, 2012 at approximately 8:00 p.m. while Plaintiffs were pedestrians lawfully present in the vicinity of Hempstead Avenue and 223rd Street in the County of Queens, City and State of New York, Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department and Defendant, **CITY OF NEW YORK,** while acting in the scope and furtherance of their employment, unlawfully touched Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, in an unconsented manner, including, upon information and belief, causing numerous forceful and violent encounters with Plaintiffs' bodies.

29. That on May 19, 2012 at approximately 8:00 p.m., Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, assaulted and battered Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, with force and violence, which Plaintiffs observed and interpreted with great apprehension and fear, all against Plaintiffs' will, and that the actions of Police Officer(s), Detectives, and/or other agents and/or

employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, while in the scope and furtherance of their employment, were willful, intentional and unwarranted, and were without just cause or provocation.

30. That on or about May 19, 2012, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, were all brought to the Emergency Department at the Queens Hospital Center on 82-68 164th Street, Queens, NY 11432 and treated for injuries.

31. That as a direct, proximate cause of Defendants' assault and battery of the Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, have suffered great physical and emotional injuries resulting in pain and suffering and emotional distress, as well as extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of life and loss of enjoyment of the ordinary pleasures of everyday life, and that as a result of the foregoing, the Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS**, have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FALSE ARREST

32. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

33. That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiffs were placed in a Police Vehicle and taken to the 105th Precinct office of the New York City Police Department, located at 92-08 222nd Street, Queens

Village, NY 11428., but were never read their *Miranda* rights and were not informed that criminal charges were to be brought against them.

34. That Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5, and CITY OF NEW YORK**, arrested Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, then confined them in a prison cell, and gave them Desk Appearance Tickets for Disorderly Conduct and Open Beverage Containers, despite the fact that Defendants never found or observed Plaintiffs drinking any beverages at all, and Plaintiffs never made any verbal remarks or demonstrated any behavior to suggest they were a physical threat, and were in fact the victim of a physical assault and battery by Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, and Defendant, **CITY OF NEW YORK**, who abused their authority by exerting excessive physical force on Plaintiff.

35. That, upon information and belief, May 19, 2012 at approximately 8:00 p.m, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, were detained initially at the 105th Precinct office of the New York City Police Department, located at 92-08 222nd Street, Queens Village, NY 11428, where they remained in custody for approximately two (2) hours until all Plaintiffs were brought to the Emergency Department at the Queens Hospital Center where each Plaintiff was treated for multiple injuries caused by Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5**.

36. That, under the circumstances herein, the New York City Police Department, and Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 and CITY OF NEW YORK**, falsely arrested, Plaintiffs,

11

**NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** and they sustained emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and that as a result of the foregoing, the Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS**, have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE AND UNJUST DETENTION

37. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

38. That as a result of the foregoing, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** were held and detained by Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** Police officer(s), detective(s), agent(s) and/or employee(s) of the New York City Police Department, and Defendant, **CITY OF NEW YORK,** against their will and without just or any cause and that the foregoing constitutes false and unjust detention of plaintiffs.

39. That as a result of the foregoing negligence on behalf of the New York City Police Department, and Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 and CITY OF NEW YORK**, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS**, have sustained damages for serious permanent personal injuries of mind as well as special damages and loss and/or diminution in their enjoyment of life, which exceeds the jurisdictional limit of this Court,

exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

41. That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of the New York City Police Department, and Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 and CITY OF NEW YORK**, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

42. That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**, suffered severe emotional and/or mental distress, all of which are permanent in nature, and that as a result of the foregoing, the Plaintiffs have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

### AND AS FOR A SIXTH CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

43. That at all times herein mentioned, Plaintiffs repeat, reiterate and reallege each and every allegation contained herein as though set forth at length herein.

13

44. That Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5,** in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** all because of their race as African-Americans, which was violative of Plaintiffs', **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

45. That by reason of the foregoing, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** citizens of the United States who had resided in the City, County and State of New York, were caused to be subjected to the deprivation of their rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

46. That by reason of the foregoing negligence on behalf of the New York City Police Department, and Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 and CITY OF NEW YORK**, Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS,** have been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in their enjoyment of life, and that as a result of the foregoing, the Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, AND LOVELL LEWIS,** have sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs have been damaged in a sum not to exceed TWO MILLION

FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE,** Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS,** demand judgment against Defendants, **POLICE OFFICER CHRISTIAN QUEZALA and POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 and CITY OF NEW YORK,** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiffs demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
December 10, 2012

Yours, etc.

_____
JUSTIN M. ROPER, ESQ. (7328)

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiffs, **NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS**. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiffs is that Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

DATED:   New York, New York
         December 10, 2012

JUSTIN M. ROPER, ESQ. (JR7328)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NAPTHALI ROBB,
DARREL DAVID,
LOVELL LEWIS,

          Plaintiffs,

– against –

CITY OF NEW YORK, ET AL.
          Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

NASS & ROPER LAW, LLP
*Attorneys for Plaintiffs*
NAPTHALI ROBB, DARREL DAVID, and LOVELL LEWIS
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.